**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JOHNATHAN BERANEK**<br>726 East 300th Street<br>Willowick, Ohio 44095<br><br>          Plaintiff,<br><br>-vs-<br><br>**LEISURETIME WAREHOUSE**<br>c/o Statutory Agent Ted Dellas<br>731 Beta Drive Unit B<br>Mayfield Village, OH 44143<br><br><br>And<br><br>**LEISURETIME 30335 PALISADES, LLC<br>dba LEISURETIME WAREHOUSE**<br>c/o Statutory Agent<br>Theodore A. Dellas<br>2503 Parsons Dr.<br>Willoughby Hills, OH 44094<br><br><br>          **Defendants.** | **CIVIL ACTION NO.:**<br><br>**JUDGE:**<br><br>**MAGISTRATE JUDGE:**<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff Johnathan Beranek ("Plaintiff Beranek"), on behalf of himself and all similarly situated individuals ("Plaintiffs"), brings this action, pursuant to 29 U.S.C. § 216(b), as a collective action against Defendant Leisuretime Warehouse and defendant Leisuretime 30335 Palisades, LLC dba Leisuretime Warehouse (collectively "Defendants"), seeking appropriate monetary, declaratory, and injunctive relief based on Defendants' willful failure to compensate employees for every hour worked and overtime pay for hours worked in excess of forty, as required under the Fair Labor Standards Act of 1938 ("FLSA")*,* 29 U.S.C. § 201, *et. seq.*

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendants employed Plaintiff in Ohio and because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

### Defendants

3. Defendants are corporations organized and existing under the laws of the State of Ohio, with business and store location located at 30140 Lakeland Blvd, Unit 1, Wickliffe, OH 44092.

4. Defendants are joint-employers and operate as a single enterprise under the direction of their owner.

5. Defendants exert and share significant control over the same employees, and share or co-determine those matters governing essential terms and conditions of employment.

6. Defendants share authority to hire and fire employees, to promulgate work rules and assignments and set conditions of employment, including compensation, benefits, hours, and day-to-day supervision, including employee discipline; and control of employee records, including payroll, insurance, taxes, and the like.

7. There exists such a unity of interest and commonality of control, including commingling of funds, lack of adequate capitalization, failure to maintain proper books and records, and additional omission, that there is truly no separation or distinction between and among Defendants.

8. Defendants annually have a gross volume of business of not less than $500,000.00. Defendants regularly purchase and utilize equipment, goods, and materials originating outside of the State of Ohio. Defendants' employees engage in commerce and handle and otherwise work on goods and materials that have moved in interstate commerce.

**Plaintiff**

9. Plaintiff Johnathan Beranek was at all times relevant to this Complaint a citizen and full-time resident of the State of Ohio residing at the above address, who was employed by Defendant to provide services in Ohio.

10. Plaintiff Beranek started working for Defendants in the summer of 2018.

11. Plaintiff Beranek delivered and installed pools and related items for Defendants.

12. During active seasons, Plaintiff Beranek worked approximately 12-13 hours a day, five days a week.

13. Plaintiff Beranek worked for Defendants until April 2020.

14. Plaintiff Beranek, pursuant to FED. R. Civ. P. 23, also brings this action on behalf of himself and all current and former employees of Defendants and similarly-situated current and former employees holding comparable positions with different titles, who worked in Ohio for Defendant who are entitled to: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by the OMFWSA; (ii) liquidated damages; and (iii) penalties for Defendant's willful failure to comply with the record-keeping requirements of Section 34a.

15. Plaintiff Beranek has given his written consent to the bringing of this lawsuit, attached as Exhibit A to this Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

16. Defendants are employers of Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

17. Plaintiff and those similarly situated are each an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

18. Defendants knowingly had Plaintiff and those similarly situated work on Defendants' behalf.

19. Defendants paid Plaintiff and those similarly situated an hourly wage.

20. Defendants did not pay Plaintiff and those similarly situated an overtime premium for hours worked in excess of 40 in a work week, but rather paid Plaintiff with cash at straight time rate.

21. Defendants knowingly failed to pay required overtime pay for overtime hours worked by its employees, in violation of 29 C.F.R. § 778.111.

22. Defendants intentionally failed to pay Plaintiff and other similarly situated employees for all of the hours they worked.

23. Defendants improperly deducted hours and pay from their employee's paychecks.

24. Defendants improperly failed to reimburse Plaintiff and other similarly situated employees for supplies and materials purchased on behalf of Defendants.

25. Defendants' practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq., including but not limited to 29 U.S.C. § 207.

26. As a result of Defendants' unlawful practices, Plaintiff and other similarly situated employees have suffered a loss of wages.

27. During the relevant statutory period, Plaintiff and all similarly situated individuals ("FLSA Collective") worked for Defendants at various locations, performing hourly wage services.

28. Defendants knowingly failed to pay required overtime pay for overtime hours worked by its employees, in violation of 29 C.F.R. § 778.111.

29. Defendants did not pay an hourly overtime premium for the hourly work performed by its employees, in excess of 40 hours per week.

30. Defendants did not pay the hourly premium for overtime hours worked by its hourly employees, but instead paid cash at straight time.

31. On information and belief, Defendants uniformly applied their compensation policies to all of their employees.

32. Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and similarly situated employees.

33. Defendants' unlawful conduct has been widespread, repeated, and consistent.

34. The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

35. Members of FLSA Collective are readily identifiable and ascertainable.

36. The State of Ohio adopted the overtime compensation standards set by the FLSA. *See,* 4111.03(A)(An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject

to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 207, 231, as amended.).

37. Compensation policies violating Ohio's overtime standards also violate the FLSA.

38. Defendants' compensation policies of not paying overtime pay premiums to their employees violate the FLSA.

39. At all times material, Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of FLSA and Ohio law.

40. Plaintiff and the FLSA Collective worked more than 40 hours in numerous weeks, but Defendants intentionally paid straight time for all hours worked.

41. Defendants' practices violate the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, including but not limited to 29 U.S.C. § 207.

42. Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked

43. As a result of Defendants' unlawful practices, Plaintiff and the FLSA Collective have suffered a loss of wages.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings Count I and II of this Complaint on behalf of himself and similarly situated individuals as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, defined as follows:

    A. All persons who were employed by Defendants in the State of Ohio from three years prior to the filing of this complaint to the date of judgment, who worked more than 40 hours per week but were not paid one and one-

   half times their normal rate of pay for the hours worked in excess of 40 ("OMWA Class").

45. The OMWA Class is so numerous that joinder of all members is impractical.

46. Plaintiff and all members of the OMWA Class have been equally affected by Defendants' violations of the OMWA.

47. There are questions of law and fact common to Plaintiff and the OMWA Class that predominate over any questions solely affecting individual members of the OMWA Class, including but not limited to:

  A. whether Defendants failed to pay time and one-half for hours worked over 40 hours per week;

  B. whether Defendants paid straight-time for the same weekly pay period to avoid paying overtime pay;

  C. whether Defendants failed to pay for time spent on traveling to and between different jobsites;

  D. whether Defendants properly compensated Plaintiff the Class for all time worked;

  E. the proper measure of damages owed to the Class; and

  F. whether Defendants should be enjoined from violating the OMWA in the future.

48. Plaintiff's claims are typical of those of the OMWA Class, as Plaintiff was subjected to Defendants' policy and practice of failing to pay overtime for hours worked in excess of 40 hours per week.

49. Plaintiff and the OMWA Class members have suffered similar injuries as a result of Defendants' conduct.

50. Plaintiff will fairly and adequately protect the interests of the OMWA Class.

51. Plaintiff and the OMVWA Class are represented by attorneys who are experienced and competent in both class action litigation and employment litigation

52. This action is properly certified as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2) and 23(b)(3).

53. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

54. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

55. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate Defendants. Class litigation is also superior because it will prevent duplicative litigation possibly resulting in inconsistent judgments pertaining to

Defendants' policies. There do not appear to be any difficulties in managing this class action.

56. The members of the OMWA Class are readily ascertainable. The number and identity of the OMWA Class members are ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each OMWA Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

## COUNT I:

### Violations of the Fair Labor Standards Act
### (On Behalf of Plaintiff and FLSA Collective)

57. Plaintiff and all similarly situated individuals incorporate the foregoing paragraphs by reference.

58. Plaintiff and all similarly situated individuals bring Count I on behalf of themselves as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to send notice of the opportunity to opt-in to this lawsuit to a class that consists of all non-exempt employees of Defendants who worked in excess of 40 hours per week, and who were not paid a required overtime premium for the hours worked in excess of 40 hours.

59. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per work week.

60. Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and all similarly situated individuals at the required overtime rate.

61. The foregoing conduct as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255 (a) as Defendants knew, or showed reckless disregard for the fact, that their compensation practices were in violation of FLSA and Ohio law.

62. As the direct and proximate result of Defendants unlawful conduct, Plaintiff and all similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and all similarly situated individuals are entitled to liquidated damages, attorneys' fees and costs incurred in connection with this claim.

## COUNT II:

### Violation of O.R.C. § 4111.03, § 4111.08, and § 4113.15
### (On Behalf of Plaintiff and OMWA Class)

63. Plaintiff and all similarly situated individuals incorporate by reference the foregoing allegations as if fully rewritten herein.

64. The Ohio Minimum Wage Act ("OMWA") requires an employer to "pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work week." O.R.C. § 4111.03 (A).

65. Plaintiff and all similarly situated individuals are not exempt from the OMWA because they are not "executive," "administrative," or "professional" employees as those terms are referred to under O.R.C. § 4111.03(A), and thus Defendants are

required to pay Plaintiff and all similarly situated workers overtime wages for all hours worked in excess of 40 hours per work week.

66. Defendants have knowingly and intentionally engaged in a series of unlawful acts, practices, policies, and procedures in violation of O.R.C. § 4111.03 including paying employees who worked greater than 40 hours per week straight time for the hours over 40.

67. Defendants' unlawful conduct directly and proximately caused Plaintiff and all similarly situated individuals to suffer damages for which they are entitled to judgment.

68. The OMWA requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each work week. *See* O.R.C. § 4111.08, *See also,* 29 U.S.C. § 516.2 *et seq.*

69. Defendants failed to pay Plaintiff and similarly situated individuals for hours worked in violation of O.R.C. § 4113.15.

70. Defendants violated the OMWA with respect to Plaintiff and the OMWA Class by failing to maintain accurate records of the actual hours Plaintiff and the OMWA Class worked each workday and within each work week.

71. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and the OMWA Class' rights and entitle Plaintiff and all similarly situated individuals to liquidated and/or punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all other similarly situated individuals demand:

A. that this Court authorize the sending of Notice to similarly situated individuals advising them of their right to join this action;

B. that this Court certify Count I and II of this Complaint as a class action, appoint Plaintiff as the class representative, and appoint the undersigned as class counsel;

C. unpaid back wages at the applicable overtime rate;

D. an equal amount to the overtime damages as liquidated damages;

E. all costs and attorneys' fees incurred in prosecuting this claim;

F. an award of prejudgment interest (to the extent liquidated damages are not awarded);

G. leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H. any and all such further relief as the Court deems just and equitable.

    /s/ David L. Meyerson
DAVID L. MEYERSON (0001402)
SHAUN H. KEDIR (0082828)
SEAMAN & ASSOCIATES
3690 Orange Place Suite 240
Beachwood, Ohio  44122
(216) 696-1080
dmeyerson@seamanatty.com
skedir@seamanatty.com
Counsel for Plaintiff

Jury Demand

Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors allowed by law.

 /s/ David L. Meyerson
DAVID L. MEYERSON (0001402)
SEAMAN & ASSOCIATES
Counsel for Plaintiff