## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JOHNATHAN BERANEK, et al.** | **CASE NO. 22-CV-00083-PAB** |
| Plaintiffs, | **JUDGE PAMELA BARKER** |
| -vs- | |
| **LEISURETIME WAREHOUSE, et al.** | **Motion for Final Approval of Settlement, Attorney Fees and Litigation Costs, and Administrative Costs** |
| Defendants. | |

## I.     INTRODUCTION

Representative Plaintiffs Johnathan Beranek and Robert Beranek, Jr. (collectively "Representative Plaintiffs") move this Court for Final Approval of Settlement, Attorney Fees and Litigation Costs, and Administrative Costs.

On April 20, 2023, this Court granted the Parties' joint motion for preliminary approval of Collective Action Settlement. In that order, this Court found that:1) the proposed Settlement Agreement was fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq; 2) the proposed Settlement Agreement was reached by experienced wage and hour counsel during arm's length, good faith negotiations with help from a mediator; 3) the proposed Settlement Agreement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and Ohio Rev. Code §§ 4111, et seq.

1

This Court additionally approved the proposed Notice and Consent forms to join the Class Collective, subject to limited changes. The Parties made these requested changes to the Notices.

As required under this Court Order, Defendants timely provided the Settlement Administrator (Plaintiffs' Counsel) with an electronic spreadsheet containing the names, most current addresses, telephone numbers, email addresses, and social security numbers of each Settlement Collective Member. Ex. B, Declarations.

And as required, the Administrator delivered the Court-approved Notice and Consent to Join form (hereinafter "the Notice Package") by First Class U.S. Mail with an enclosed, postage-paid return envelope to each FLSA Collective Member. The Administrator also performed a skip-trace to obtain new address information on Notices returned as undeliverable.

In total, the Administrator received 15 signed Consent to Join forms. Copies of the redacted Consent to Join forms will be filed separately, as requested by this Court. The joined Collective Members will receive 91.9% of unpaid wages for overtime hours worked from January 1, 2019 to January 1, 2022.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Action

On January 14, 2022, Representative Plaintiff Jonathan Beranek filed a Complaint against Defendants Leisuretime Warehouse, and Leisuretime 30335 Palisades, LLC dba Leisuretime Warehouse, on behalf of himself and other similar situated current and former employees. In his complaint, Plaintiff Johnathan Beranek alleged that Defendants failed to pay hourly employees overtime compensation for all of

the hours they worked over forty (40) each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111. Defendant answered the Complaint disputing the material allegations both as to fact and law and denying any liability to Representative Plaintiffs or any other hourly employees and asserting several affirmative defenses.

After initial discovery was completed, Plaintiffs filed an amended complaint on September 30, 2022. This Amended Complaint added Plaintiff Robert Beranek Jr. as a representative, and added Defendants Recreation Investment Group LLC, and Theodore A. Dellas.

On January 31, 2023, a mediation was held in this case with Magistrate Judge Johnathan D. Greenberg. The parties were able to reach a settlement agreement. The Parties are now seeking final approval of this settlement agreement.

### B. The Proposed Settlement Terms.

On April 20, 2023, this Court granted the Parties' joint motion for preliminary approval of Collective Action Settlement. In that order, this Court found that:1) the proposed Settlement Agreement was fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq; 2) the proposed Settlement Agreement was reached by experienced wage and hour counsel during arm's length, good faith negotiations with help from a mediator; 3) the proposed Settlement Agreement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and Ohio Rev. Code §§ 4111, et seq.

3

The Settlement Agreement provides that the FLSA Collective Members include Plaintiffs and all non-exempt employees that worked for Defendants who were paid straight time for any hours in excess of forty (40) hours in a workweek from January 1, 2019 to January 1, 2022. See Ex. A, Settlement Agreement. While Defendants dispute the allegations, Defendants agree that, for settlement purposes only, the collective action may be certified pursuant to the FLSA. The Parties have identified approximately 29 FLSA Collective Members. In total, Plaintiffs have received 15 signed consent forms to join the Collective action, which brings the total to 17 Collective Members when including the Named Plaintiffs.

Each FLSA Collective Member has been fully advised of this collective action settlement with the Court approved Notices.

The Total Settlement Amount is Sixty Thousand Dollars ($60,000.00), which sum will cover: (a) all of the Individual Payments to the Eligible Collective Members; (b) Representative Plaintiffs' Payments; and (c) Plaintiffs' Counsels' attorneys' fees and expenses, including administrator costs.

Two Thousand Dollars ($2,000.00) of the Total Settlement Amount will be paid to Representative Plaintiff Johnathan Beranek and One Thousand Dollars ($1,000.00) of the Total Settlement Amount will be paid to Representative Plaintiff Robert Beranek, Jr. as Representative Payments, along with their Individual Payments, in exchange for signing a general release of all claims.

In exchange, the Action will be dismissed with prejudice, and the Eligible Collective Members will release Defendants from federal and state wage-and-hour claims, rights, demands, liabilities, and causes of action asserted in Plaintiffs' Complaint, including, but not limited to, claims for unpaid wages, unpaid overtime

4

compensation, liquidated damages, statutory damages, interest, and attorneys' fees and expenses, pursuant to the Fair Labor Standards Act, and any applicable state wage statute, including, but not limited to, the Ohio Minimum Fair Wage Standards Act and Ohio Prompt Pay Act, from January 1, 2019 to January 1, 2022.

### C.  Notice of the Settlement to FLSA Collective Members

After this Court granted its preliminary approval of Plaintiff's proposed Settlement agreement and proposed Notice and Consent to Join forms, Defendants timely provided the Settlement Administrator (Plaintiffs' Counsel) with an electronic spreadsheet containing the names, most current addresses, telephone numbers, email addresses, and social security numbers of each Settlement Collective Member. Ex. B.

And as required, the Administrator delivered the Court-approved Notice and Consent to Join form (hereinafter "the Notice Package") by First Class U.S. Mail with an enclosed, postage-paid return envelope to each FLSA Collective Member. *Id*. The Administrator also performed a skip-trace to obtain new address information on Notices returned as undeliverable. *Id*.

In total, the Administrator received 15 signed Consent to Join forms. Copies of the redacted Consent to Join forms will be filed separately, as requested by this Court. The joined Collective Members will receive 91.9% of unpaid wages for overtime hours worked from January 1, 2019 to January 1, 2022.

### III.   MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF FLSA SETTLEMENT, ATTORNEY FEES, AND COSTS

The parties are seeking final approval of the Settlement Agreement, Attorney Fees, and Costs.

## A.  The Seven-Factor Standard is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc*., 2008 WL 2468868, at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the Crawford court applied those factors in assessing the fairness of an FLSA settlement: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *See UAW v. General Motors Corp*., 497 F.3d 615, 626 (6th Cir. 2007).

### 1.  No Indicia of Fraud or Collusion Exists

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19- cv-1677, 2020 WL 4673163, at *2 (S.D. Ohio Aug. 12, 2020) (quoting

6

*IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)). The Agreement was achieved only after arm's- length and good faith negotiations between the Parties, with help from a neutral mediator. As a result, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

### 2.  The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Wright v. Premier Courier*, *Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted).

If this case had not settled, the Parties would need to engage in costly litigation, such as additional written discovery, depositions, dispositive motions, trial, and potential appeals. Indeed, Defendants maintain that the wage payments that Plaintiffs and FLSA Collective Members received compensated them for all hours worked, including overtime. And if not fully compensated, Defendants dispute whether the violations were willful or non-willful, which determines the statute of limitations period and whether liquidated damages can be awarded.

This proposed settlement, on the other hand, provides substantial relief to the Plaintiffs promptly, and amplifies the benefits of that relief through the economies of class resolution.

### 3.  Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlement. Before filing the Action, Plaintiffs' Counsel performed considerable research and factual investigation of the claims to set forth a factually specific complaint for the Court and Defendant. After filing the Action, relevant information was exchanged, including time and pay records for the FLSA Collective Members. In addition, Plaintiffs' Counsel engaged in a further independent investigation of the facts. Thus, the legal issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

### 4. The Risks of Continued Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, but still recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in this case, Defendants have raised affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would present risk, uncertainty, and additional cost to all Parties. Plaintiffs would have to establish Defendant's liability, which Defendant denies. In addition, Plaintiffs would have to establish Plaintiffs' and the FLSA Collective Members' alleged damages. The proposed settlement eliminates the risk and delay of litigation.

Likewise, Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeeded on the merits of their claims, the amount of recovery is uncertain and something on which the Parties continue to disagree.

### 5. Experienced Counsels' Views Favor Approval

The Parties' attorneys are experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in

reaching the Settlement. Plaintiffs' Counsel supports the Settlement as fair and reasonable, and in the best interest of the FLA Collective Members as a whole.

### 6. The Reaction of Absent Class Members

Based on payroll records, Plaintiffs calculated a total of $42,692.04 in potential unpaid overtime for the FLSA Collective Members. With a settlement of $60,000.00, Plaintiffs will receive, after attorney fees and costs, a payment that reflects 91.9% of their overtime wage damages based on actual hours of unpaid work each for each workweek they worked over 40 hours. Plaintiffs' Counsel has received no indication that Plaintiffs would object to such payment.

### 7. The Public Interest

"Public policy generally favors settlement of class action lawsuits." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *5 (S.D. Ohio Aug. 17, 2018) (quoting *Hainey v. Parrott*, 617 F. Supp.2d 668, 679 (S.D. Ohio 2007)). As in *Wright*, "the settlement confers immediate benefits on the Plaintiffs, avoids the risks and expense in further litigation, and conserves judicial resources." *Id*. Thus, the Court should find that this factor supports approval of the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

Along with evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sep. 9, 2016) (citations omitted); *see also Crawford v. Lexington- Fayette Urban County Gov't*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008).

### 1. The Individual Payments Are Reasonable and Adequate

9

As part of their pre-mediation evaluation, Plaintiffs' Counsel reviewed the class data provided by Defendants' counsel. Damages were calculated based on payroll timesheets provided by Defendants, which had the total hours worked in two-week time periods and total paid for that period.

Although Defendants contend that Plaintiffs are not owed anything, the Parties agreed to a reasonable settlement that results in Individual Payments that reflect 100% of Plaintiffs' overtime wage damages, after attorney fees, costs, and payment to Representatives.

This recovery is fair and reasonable. *See Smith v. SAC Wireless, LLC*, No. 20-10932, 2022 WL1744785, at *3 (E.D. Mich. May 31, 2022) (citing *Dillworth v. Case Farms Processing, Inc*., No:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010)) (finding a recovery to be "fair and reasonable" where it "greatly exceed[ed] the typical 7-11% recovery in FLSA cases[]"); see also *Yorba v. Barrington Sch., LLC*, No. 2:21-cv-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022) (Sargus, J.) (discussing *Smith*, 2022 WL 1744785, at *3) (referencing the same typical recovery of 7-11% in FLSA cases).

## 2. Representative Plaintiffs' Service Award Is Proper and Reasonable

Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Ganci v. MBF Insp. Servs*., No. 2:15- cv-2959, 2019 WL 6485159, at *8 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d

895, 897 (6th Cir. 2003)). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010)).

In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case.*" In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997). The courts also recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re* Jackson Lockdown/MCO Cases, 107  F.R.D. 703, 710  (E.D. Mich. 1985)).

Here, the proposed Service Award is proper and reasonable. Representative Plaintiffs' services were extensive and effective. In addition to filing the collective action, they provided extensive factual information to Plaintiffs' Counsel, faithfully attended meetings with Plaintiffs' Counsel, and participated in settlement negotiations.

They also subjected themselves to the responsibilities of serving as a named plaintiffs in a lawsuit against their former employer. Plaintiff Jonathan Beranek's Proposed Service Award exceeds Plaintiff Robert Beranek Jr.'s Proposed Service Award because Plaintiff Jonathan Beranek was the first individual to initially contact Plaintiffs' counsel and provide information necessary for Plaintiffs' counsel to investigate Plaintiffs' claims.

### 3.  The Attorney Fees to Plaintiffs' Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it may review the Agreement as to the provision of fees and litigation expenses to Plaintiffs' Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied,*513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134.

A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District." *Hebert v. Chesapeake Operating, Inc.*, Case No. 2:17-cv-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20,2019) (J. Morrison); *see also Morse v. NTI Services, Corp.*, Case No. 2:20-cv-02173, 2021 WL 4350485, at *2 (S.D. Ohio September 17, 2021) (finding attorney fees award that represents one- third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021 WL 3662466 at *6 (in finding a one-third attorney fees request to be reasonable, the Court noted, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount.) (S.D. Ohio August 18, 2021). This "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516,2019 WL 6310376, *5 (S.D. Ohio Nov. 25, 2019); *see also Barnes v. Winking Lizard, Inc.*, No.1:18CV952, 2019 WL 1614822, *6

(N.D. Ohio Mar. 26, 2019); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 WL 2490989, *7-8 (N.D. Ohio June 15,2010).

Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs, and expenses. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159, at *7 (S.D. Ohio Dec. 3, 2019).

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg v. Cousin Vinny's Pizza*, LLC, No. 3:16-cv-516, 2019 WL 6310376, at *3 (S.D. Ohio Nov. 25, 2019). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiff's counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

Plaintiffs' counsel requests a one-third attorney fee, or $20,000.00 in attorneys' fees. This requested amount is considerably less than what Plaintiffs' counsel would charge hourly. Indeed, to date, Plaintiffs' counsel has expended over 91.8 hours of attorney time, totaling $45,900.00 in attorney fees. *See* Ex. C, Declarations, and Ex. C-1, Attorney Fee and Cost Itemization. This includes 46.5 hours for attorney David Meyerson, at an hourly rate of $500 (total $23,250), and 45.3 hours for attorney Shaun

Kedir, at an hourly rate of $375 (total $22,650). In addition, counsel has incurred $780.14 in litigation costs and is seeking approval of reimbursement for these costs. *Id.*

Given Plaintiffs' counsel's experience in wage and hour litigation, and the result achieved for the FLSA Collective Members, their fee requests are reasonable and should be approved.

### 4.  Administrator Costs and Expenses

Plaintiffs' counsel also requests $1,490.52 in costs and administrative fees. See Ex. B, Declarations, Ex. B-2, Administrator Fee and Cost Itemization. This includes $1,429.50 in administrative employee fees, and $61.02 in postage expenses.

### IV.    CONCLUSION

Because the Settlement reached by the parties in this case is fair and reasonable, and meets the requirements for FLSA settlement approval, this Court should enter a final Order that approves the Settlement, Attorney Fees, Litigation Costs, and Administrator Costs.


Respectfully submitted,


 /s/   David L. Meyerson                               
DAVID L. MEYERSON (0001402)
SHAUN H. KEDIR (0082828)
SEAMAN & ASSOCIATES CO LPA
3690 Orange Place, Suite 240
Beachwood, Ohio 44122
(216) 696-1080
dmeyerson@seamanatty.com
skedir@seamanatty.com
Attorney for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was served electronically on this 18th day of August 2023.

Notice of this filing will be sent to all parties through the Court's electronic filing system.

 /s/ David L. Meyerson_____
DAVID L. MEYERSON (0001402)
SHAUN H. KEDIR (0082828)
SEAMAN & ASSOCIATES
Attorneys for Plaintiffs